UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEGACY BUILDING GROUP, LLC, and C. RALLO LEGACY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 4:21-cv-266-MTS ) |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiffs' Motion to Remand, Doc. [12]. Plaintiffs originally filed their petition in the Circuit Court for the City of St. Louis, Missouri, Doc [1-1]. Defendants removed this case by invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Doc. [1]. Plaintiff timely moved to remand the case back to state court, *see* 28 U.S.C. § 1447(c), arguing that "diversity of citizenship does not exist." Doc. [12] at 2. For the reasons that follow, the Court grants Plaintiffs' Motion.

**I.   BACKGROUND**

This case arises from an underlying construction defect dispute and subsequent dispute by Defendant S.M. Wilson & Co. ("Wilson"), whereby Defendant Liberty Mutual Fire Insurance Company and Defendant Liberty Insurance Corporation (collectively, "Liberty") refused to defend and indemnify Plaintiff Legacy Building Group, LLC and Plaintiff C. Rallo Legacy (collectively, "Plaintiffs") in an action asserted against them by Wilson.

The pertinent facts are as follows. Plaintiff Legacy Building Group, LLC is a limited liability company organized in Missouri and its sole member, Todd Weaver, is a citizen of

1

Missouri.  Plaintiff C. Rallo Legacy is a venture between Legacy and C. Rallo Contracting Co., Inc., which is incorporated in and has its principal place of business in Missouri.  Defendant Wilson is incorporated in and has its principal place of business in Missouri.

Wilson contracted with a property owner to perform general contractor services in connection with a construction project (the "Project").  Wilson entered into a subcontract with Plaintiffs, which included the performance of a shoring system designed by Helitech.  Helitech contracted with Plaintiffs and Wilson to add them as "additional insureds" under Helitech's primary and umbrella insurance coverage (the "Policies") provided by Liberty with respect to liability for property damaged caused, in whole or in part, by Helitech's acts or omissions.

At some point during construction of the Project, the owner of the Project's adjacent property ("Loop Lofts") claimed that settling, shifting, and cracking had been caused by the defective construction of the "soil nail" shoring system on the Project.  Loop Lofts asserted claims against Wilson, and in turn, Wilson asserted claims against Plaintiffs (the "Underlying Lawsuit") for damage sustained as a result of Helitech's negligent acts or omissions in engineering and constructing a soil nail wall on the Project.  Plaintiffs allege that Liberty refused to provide coverage for and/or to defend and indemnify them in the Underlying Lawsuit.

On February 17, 2021, Plaintiffs originally filed suit against Liberty and Wilson for: (1) a declaratory judgment duty to defend, (2) a declaratory judgment duty to indemnify, (3) breach of contract, (4) vexatious refusal, and (5) bad faith refusal to settle. Doc. [1-1].  Wilson filed a cross-complaint against Liberty for the same five claims as Plaintiffs. Doc. [14].  On March 2, 2021, Liberty filed a Notice of Removal, Doc. [1], stating that complete diversity of citizenship exists among the parties, arguing Wilson's citizenship should be disregarded.  On March 4, 2021,

2

Plaintiffs filed a First Amended Complaint, as a matter of course, [1] in this Court and asserts therein a new cause of action for declaratory judgment (Count III) against Wilson. Doc. [9]. Plaintiffs seek the Court's declaration that their claims for coverage and indemnity from Liberty are "superior" to that of Wilson and that Wilson should be awarded no judgment or damages until Plaintiffs have been made whole and fully compensated.

After Liberty removed Plaintiffs' case to this court on diversity grounds, Doc [1], Plaintiffs filed the instant Motion, Doc. [12], opposing removal on the basis that diversity jurisdiction does not exist because Plaintiffs and defendant Wilson are citizens of Missouri.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. *Gunn v. Minton*, 568 U.S. 251, 256 (quoting *Kokkonen*, 511 U.S. at 377). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). A federal court has original jurisdiction under 28 U.S.C. § 1332(a) over civil actions where there is complete diversity—that is, "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.* A removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Id.* at 620. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*

---

[1] Plaintiffs' First Amended Complaint was filed as a "Matter of Course" pursuant to Federal Rule 15(a)(1)(A), because they amended their pleadings before Defendants served a responsive pleading. *See* Fed. R. Civ. P. Rule 15(a)(1)(A); *Hinz v. Swisher Hygiene USA Operations, Inc.*, No. 4:13-cv-1183-JAR, 2014 WL 520457, at *2 (E.D. Mo. Feb. 7, 2014) ("A Notice of Removal is not a response to a Petition; rather, a Notice of Removal initiates an entirely new action in federal court."). Therefore, leave of court or consent of Liberty or Wilson was not required.

## III. DISCUSSION

Plaintiffs argue that remand to state court is required because defendant Wilson is a citizen of Missouri, and therefore, removal to this federal court in Missouri is barred. There is no dispute that one of Defendants—Wilson—is a Missouri citizen, and because Plaintiffs are also citizens of Missouri, there would be no diversity jurisdiction under § 1332(a). 28 U.S.C. § 1332(a). Liberty, however, argues that Wilson should be "disregarded for the purpose of assessing diversity jurisdiction" because Plaintiffs fraudulently joined Wilson for the purpose of defeating diversity jurisdiction. Alternatively, Liberty argues that Wilson is merely a nominal party or that Wilson should be realigned as a plaintiff, either of which would make Wilson's citizenship irrelevant when assessing diversity jurisdiction.

1. **Fraudulent Joinder**

As noted above complete diversity, as required for federal jurisdiction pursuant to 28 U.S.C. § 1332(a), does not exist on the face of Plaintiffs' First Amended Complaint,[2] as both Plaintiffs and Wilson are citizens of Missouri.[3] *See Glazer v. Unum Life Ins. Co. of Am.*, No. 4:18-

---

[2] Plaintiffs and Liberty disagree as to which pleading – the original complaint or first amended complaint – the Court should examine to determine whether removal was proper. In *Glazer v. Unum Life Ins. Co. of Am.*, No. 4:18-cv-390-JCH, 2018 WL 3421325, at *3 (E.D. Mo. July 13, 2018), the court resolved questions of subject matter jurisdiction for removal purposes by examining the face of the amended complaint, if the amendment was "voluntary." *See also*, *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928-29 (8th Cir. 2005)); *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067–68 (8th Cir. 2000). If, however, the decision to amend was "involuntary," the question of proper removal is answered by examining the original rather than the amended complaint." *Id.* at *3. A motion to amend is involuntary where a plaintiff faces the choice of amending his complaint or having it dismissed. *Id.* (*citing Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1241 (8th Cir. 1995). Here*,* the Court cannot conclude that when Plaintiffs amended their complaint, they were faced with an "involuntary" choice of amending or facing dismissal, thus, Plaintiff's First Amended Complaint is operative here for determining fraudulent joinder and diversity jurisdiction.

[3] Even if the Court examined Plaintiffs' original Complaint, rather than the amended one, no diversity exists on its face because Plaintiffs and Wilson are co-insureds seeking competing claims regarding Liberty's coverage obligations. *See PW Shoe Lofts, LP v. State Auto Prop. and Casualty Ins. Co.*, No. 4:10-cv-2241-AGF, 2011 WL 2295068, at *3 (E.D. Mo. June 7, 2011) (remanding case because insured stated a colorable claim and did not fraudulently join additional insured under insurance policy as defendant in action to declare parties' rights and interests under insurance policies issued by defendant insurance company); *McCarthy Bldg. Co., Inc. v. RSUI Indem. Co.*, No. 4:10-cv-02063-AGF, 2011 WL 3847401, at *4 (E.D. Mo. Aug. 30, 2011) (finding no fraudulent joinder because an insurer's coverage obligations "give rise to a live controversy"); *Geismann v. Am. Econ. Ins. Co.*, No. 4:11-cv-1185-CDP, 2011 WL

4

cv-390-JCH, 2018 WL 3421325, at *5 (E.D. Mo. July 13, 2018) (determining fraudulent joinder based on a post-removal amended complaint due to the amended complaint rule).  In its Notice of Removal, however, Liberty argues that Plaintiffs fraudulently joined Wilson and, as such, Wilson's citizenship should be disregarded.

Where, as here, the basis for original jurisdiction and, hence removal, is diversity of citizenship, and the face of the complaint fails to exhibit complete diversity, a defendant may avoid remand by demonstrating that the plaintiff fraudulently joined a non-diverse party to avoid removal. *Prempro*, 591 F.3d at 620.  Fraudulent joinder occurs when a plaintiff files "a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003).  The relevant inquiry in analyzing fraudulent joinder focuses only on whether a plaintiff "might" have a "colorable" claim under state law against a fellow citizen. *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) (emphasizing that the fraudulent joinder inquiry does not focus on the "artfulness of the pleadings" but on the ability of the plaintiff to state a "colorable" claim).  To prove a plaintiff fraudulently joined a non-diverse defendant, the defendant seeking removal must prove[4] the plaintiff's claim has "no reasonable basis in fact and law." *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 893 (8th Cir. 2014).  Thus, the issue becomes whether state law might reasonably impose liability on the non-diverse defendant, Wilson, based on the facts alleged in Plaintiffs' First Amended Complaint.

---

4501161, at *2 (E.D. Mo. Sept. 28, 2011) ("An insured party has more than a nominal interest in the outcome of a declaratory judgment action regarding the terms of its policy.").

[4] This reasonableness standard requires "the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011); *Junk v. Terminix Intern. Co.*, 628 F.3d at 445 (noting that Fed. R. Civ. P. 12(b)(6) standard is "more demanding" than *Filla* standard applied in fraudulent joinder context).

Upon examination of Plaintiffs' Amended Complaint, Doc. [9], the Court concludes that Liberty has failed to sustain its burden of proving by a preponderance of the evidence that Plaintiffs' joined Wilson for the sole purpose of defeating diversity jurisdiction and that Plaintiffs' claim against Wilson has no reasonable basis in law or fact.

The Missouri Declaratory Judgment Act, Mo. Rev. Stat. § 527.110, requires that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." According to the Missouri courts, an "interest" under this statute is "not one which is merely consequential, remote or a conjectural possibility of being somehow affected by the result of an action." *Moschenross v. St. Louis County*, 188 S.W.3d 13, 25 (Mo. Ct. App. 2006). "The interest at issue must be a direct claim upon the subject of the action such that the joined party will either gain or lose by direct operation of the judgment rendered." *Id.*

The Court finds that Wilson has a "direct" interest that would be affected by Plaintiffs' declaratory judgment action because it alleges coverage under Liberty policies, like Plaintiffs. Both Plaintiffs and Wilson allege they are additional insureds on the Policies that provide coverage with respect to liability for property damaged caused by Helitech. Doc. [9] ¶ 107. Loop Lofts asserted claims against Wilson, and, in turn, Wilson asserted claims against Plaintiffs for damage sustained as a result of Helitech's negligent acts or omissions in engineering and constructing a soil nail wall on the Project. *Id.* ¶ 108. Both Plaintiffs and Wilson individually asserted claims against Liberty for coverage under the Policies. *Id.* ¶ 109. Because Plaintiffs and Wilson make competing claims for coverage, Plaintiffs stated a "colorable" claim. *PW Shoe Lofts, LP v. State Auto Prop. and Casualty Ins. Co.*, No. 4:10-cv-2241-AGF, 2011 WL 2295068, at *3 (E.D. Mo. June 7, 2011) (remanding case because insured stated a colorable claim and did not fraudulently

6

join additional insured under insurance policy as defendant in action to declare parties' rights and interests under insurance policies issued by defendant insurance company); *McCarthy Bldg. Co., Inc. v. RSUI Indem. Co.*, No. 4:10-cv-02063-AGF, 2011 WL 3847401, at *4 (E.D. Mo. Aug. 30, 2011) (finding no fraudulent joinder because an insurer's coverage obligations "give rise to a live controversy").

Moreover, if coverage *is* found to exist, the collective demands for monetary compensation made by Plaintiffs and Wilson against Liberty are in conflict because the sums exceed the liability coverage limit purportedly available under the Policies.  Wilson demands more than $5,500,000 against Liberty and Plaintiffs demand more than $3,000,000 against Liberty, which at a minimum, exceeds the $6,000,000 in liability coverage purportedly available under the Policies. Doc. [9] ¶ 114.  It is no surprise then that both Wilson and Plaintiffs argue that their respective claims against Liberty are "superior" to one another, and request competing and adverse declarations that the other "should not be awarded a judgment or damages until [the moving entity] has been made whole and fully compensated."  Doc. [9] ¶ 119; Doc. [14] ¶ 119.  Thus, if Plaintiffs were to prevail, Wilson would not be "made whole" or "fully compensated" because a favorable judgment for Plaintiffs would declare,[5] as a matter of law, that Plaintiffs' claim against Liberty is "superior" to Wilson's, thus, requiring Plaintiffs to be paid in full and exhausting the insurance proceeds before Wilson sees any recovery due to the liability coverage limit.  It thus appears that Wilson has a "direct" stake in the matter, "standing to realize a gain or loss," because of a declaration of the parties' rights under the insurance policies in dispute.  *Moschenross*, 188 S.W.3d at 25.  Given the

---

[5] In "Count III – Declaratory Judgment" asserted by Plaintiffs against Defendant Wilson, Plaintiffs request the Court's Order declaring as a matter of law that Plaintiffs' claim for coverage and damage against Liberty are "superior to the claims against Liberty that have been and may foreseeably be asserted by S.M. Wilson and that S.M. Wilson should be awarded no judgment or damages until Joint Venture and/or Legacy have been made whole and fully compensated as determined by this Court as a matter of law or by the finder of fact in this action." Doc [9] ¶ 119.

7

purported limit of liability coverage available under the Policies and the competing values of covered damages sought by Plaintiffs and Wilson, Wilson has an "interest which would be affected," as defined by the Missouri Declaratory Judgment Act, in the outcome of Plaintiffs' declaratory judgment action regarding the terms of the Policies.  Therefore, Liberty failed to meet its burden in demonstrating that there is no viable legal claim asserted by Plaintiffs that is adverse to Wilson. *Hutchen v. Wal-Mart Stores E. I, LP*, 555 F. Supp. 2d 1013, 1017 (E.D. Mo. 2008) ("When a party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud.").

Therefore, the Court does not find Plaintiffs fraudulently joined resident Defendant Wilson to defeat diversity jurisdiction.

### 2. Nominal Party

Liberty next argues that Wilson is a "nominal" defendant whose presence may be disregarded for determining the propriety of removal.  If Wilson is a nominal party, then its citizenship is disregarded for purposes of diversity jurisdiction. *See Midwestern Indem. Co. v. Brooks*, 779 F.3d 540, 544 (8th Cir. 2015).  Nominal defendants are defined as those "against whom no real relief is sought." *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002); *see also Dumas v. Patel*, 317 F. Supp. 2d 1111, 1113, n.5 (W.D. Mo. 2004) ("A nominal party has been defined as 'a party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects.'" (quoting *Black's Law Dictionary* 1145 (7th ed. 1999)).  "An insured party has more than a nominal interest in the outcome of a declaratory judgment action regarding the terms of its policy." *Geismann v. Am. Econ. Ins. Co.*, No. 4:11-cv-1185-CDP, 2011 WL 4501161, at *2 (E.D. Mo. Sept. 28, 2011).

8

In *Geismann*, the court held that an insured policyholder was a proper defendant to the co-insured plaintiff because it had a "substantial interest" in a live claim for declaratory judgment. *Geismann*, 2011 WL 4501161, at *1. There, the plaintiff sought a determination of the defendant-insurance company's duties and obligations under the insurance policy. *Id.* at *2. The court determined that the policyholder's rights would be affected by this determination, and thus, the policyholder had "more than a nominal interest in the outcome of a declaratory action regarding the terms of its policy." *Id*.

Similar to *Geismann*, Plaintiffs here seek a declaratory judgment to determine Liberty's duties and obligations under the insurance policy. However, this case goes one-step further than *Geismann*, because here, the Court is dealing with Plaintiffs' and Wilson's *competing* claims for insurance coverage against Liberty as both parties assert their claims are "superior" to the other. Since Wilson's "superior" rights would be affected by this Court's determination of which entity (Wilson or Plaintiffs) had superior rights to coverage and liability, then, like the policyholder in *Geismann*, Wilson has more than a nominal interest in the outcome of Plaintiffs' suit.

Therefore, the Court does not find that Wilson is a nominal defendant, and the Court will not disregard Wilson's citizenship.

**3. Realignment**

Alternatively, Liberty requests that Wilson be realigned as a plaintiff in this action because Wilson's "cross-claims" against Liberty are on the same bases as Plaintiffs' coverage claims against Liberty. If Wilson were realigned as a plaintiff, complete diversity of citizenship would exist and removal would be proper. In the Eighth Circuit, to determine whether to realign defendants as plaintiffs, the Court must decide whether "any actual and substantial conflict exists" between Wilson and Plaintiffs. *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870–

9

71 (8th Cir. 1996).

As discussed above, such a conflict exists in this case. A conflict exists in that Liberty purports to only have $6,000,000 in liability coverage available under the Policies, but the collective monetary value of the claims asserted by Plaintiffs and Wilson exceed the purported limit of liability coverage. As such, resolution of this case necessarily requires the court to consider whether coverage had existed, which in turn requires consideration of Liberty's actions on which Plaintiffs and Wilson would be adverse. An actual conflict therefore exists sufficient to obviate realignment. *See PW Shoe*, 2011 WL 2295068, at *3 ("a determination of whether coverage exists under the . . . Policy will necessarily require consideration of whether [the] defendants contributed to the damage that occurred . . . thus creating an actual conflict between these defendants and [Plaintiff]"). And just because both Plaintiffs and Wilson have an interest in determining Liberty's duties and obligations under the Policies, does not mean their interests are aligned. *Mo. United School Ins. Council v. Lexington Ins. Co.*, No. 4:10-cv-130-RWS, 2010 WL 1254657, at *3 (E.D. Mo. Mar. 24, 2010) ("Just because Hough may have an interest in MUSIC and/or the other insurance companies providing coverage does not make Hough aligned with MUSIC as a plaintiff."). Therefore, the Court declines to realign Wilson as a plaintiff in this action.

Having determined that the joinder of Wilson, the resident defendant, was not fraudulent and that its alignment as a defendant in this action is proper, there is not complete diversity of citizenship between all plaintiffs and all defendants, and this Court lacks subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332(a). Thus, remand is required.

#### CONCLUSION

Because Plaintiffs voluntarily amended their complaint, the issue of diversity jurisdiction is determined by examining the face of Plaintiffs' First Amended Complaint.  Liberty failed to meet its burden in proving Plaintiffs fraudulently joined Wilson because Wilson would be affected by this Court's declaration of Liberty's duties and obligations as to Plaintiffs.  For the same reasons, Wilson is not a "nominal" party.  Finally, the Court declines to realign Wilson as a plaintiff because an actual conflict exists between Plaintiffs and Wilson as to coverage and liability under the Policies. Because Plaintiffs and Wilson are citizens of the same state, this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a), and the Court must remand the case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, Doc. [12], is **GRANTED**.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 15th day of October, 2021.

                                                                                     _____
                                                                                     MATTHEW T. SCHELP
                                                                                     UNITED STATES DISTRICT JUDGE

11